**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

ABDUD DAYYAAN IRIELLE,

Plaintiff,

v.

UNITED STATES CITIZENSHIP and IMMIGRATION SERVICES (USCIS), PAMELA BONDI, *Attorney General for the United States*, JOSEPH B. EDLOW, *Director of USCIS*, KRISTI NOEM, *Secretary of the Department of Homeland Security* and THEODORE S. HERTZBERG, *United States Attorney for the Northern District of Georgia*,

Defendants.

Civil Action No.
1:26-cv-00526-VMC

**ORDER**

This matter is before the Court on Defendants' Motion to Dismiss for Lack of Jurisdiction ("Motion," Doc. 8). For the following reasons, the Motion is granted.

**Background**

Plaintiff filed this case on January 27, 2026, seeking a writ of mandamus to compel Defendants to adjudicate their I-485 Application. (*See* Doc. 1).[1] Specifically, Plaintiff alleges that their I-485 Application to Register Permanent Residence or Adjust Status was received by the United States Citizenship and Immigration

[1] Citations refer to the relevant document as numbered by the CM/ECF system.

Services ("USCIS") on October 13, 2023, and that Defendants have unreasonably delayed processing the Application in violation of the Administrative Procedure Act and 8 U.S.C. § 1571(b). (*Id.* ¶¶ 10–11, 13).

On June 8, 2026, Defendants filed the instant Motion arguing that Plaintiff's claims are now moot because their I-485 Application was denied on June 4, 2026. (*See* Doc. 8-1 at 1–2). Thereafter on June 29, 2026, Plaintiff filed a response contending that although Defendants are correct in their argument, if the Court dismisses the case, it should be done without prejudice to Plaintiff bringing a new case, if necessary, related to two newly filed Form I-360 and I-485 applications. (*See* Doc. 11 at 1–2).

**Discussion**

"Article III of the Constitution limits federal courts' jurisdiction to certain "Cases" and "Controversies."" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013). Indeed, "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006) (internal quotation marks omitted). For the Court to have subject matter jurisdiction, a real case or controversy must exist at all stages throughout the litigation. *Chiles v. Thornburgh*, 865 F.2d 1197, 1202, 1212 (11th Cir. 1989).

Sometimes, however, intervening events in an action may render claims moot. *See U.S. v. Shenberg*, 90 F.3d 438, 440 (11th Cir. 1996). "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1216 (11th Cir. 2000) (internal punctuation and citation omitted). Mootness likewise arises if a court no longer can provide relief because a change in events renders the requested relief to be meaningless. *See Hall v. Beals*, 396 U.S. 45, 48 (1969). Accordingly, once an action becomes moot, a real case or controversy no longer exists, divesting the Court of authority to hear the case. *See Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983) ("Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies.") (citation omitted).

Here, Defendants have performed the only ministerial duty they owed to Plaintiff – adjudicating the I-485 Application to Register Permanent Residence or Adjust Status. (*See* Doc. 8-1 at 2–3). This is exactly the relief Plaintiff requested in the Relief Sought section of the Complaint. (*See* Doc. 1 ¶ 20). In other words, the challenged action – the adjudication of the I-485 Application – has been completed, and thus cannot be affected through this lawsuit. Accordingly, Plaintiff's claims are moot and as Defendants correctly argue, the Court no longer has subject matter jurisdiction over this case. (*See* Doc. 8-1 at 3); *see also Olanrele v. Wolf*, No. 1:20-CV-

3972-MHC, 2021 WL 9385882, at *2 (N.D. Ga. July 21, 2021) (dismissing an action seeking a writ of mandamus for lack of subject matter jurisdiction because the defendants' adjudication of the plaintiffs' I-485 application rendered the case moot); *Akiri v. McAleenan*, No. 1:18-CV-5507-CC, 2019 WL 13213920, at *2 (N.D. Ga. May 31, 2019) ("[Because] Defendants have . . . adjudicat[ed] the petition for alien relative and adjustment of status applications . . . [t]he mandamus claim is [now] moot, and the Court lacks jurisdiction to entertain it further.").

**Conclusion**

Accordingly, for the foregoing reasons, Defendants' Motion to Dismiss for Lack of Jurisdiction (Doc. 8) is **GRANTED**. It is

**FURTHER ORDERED** that this action is **DISMISSED**.[2]

**SO ORDERED** this 9th day of July, 2026.

Victoria Marie Calvert
United States District Judge

---

[2] As Plaintiff is pro se, the Court will provide further guidance. The Court is dismissing this case because Plaintiff's I-485 Application to Register Permanent Residence or Adjust Status, filed on October 13, 2023, has been adjudicated. In other words, as explained in this Order, there is nothing left for the Court to rule on or decide. This dismissal does not (1) indicate that Plaintiff agrees with USCIS's decision on the merits of the I-485 Application filed on October 13, 2023, or (2) prevent Plaintiff from bringing another action related to the newly filed Forms I-360 and I-485 (*See* Doc. 11 at 1).